1   Mary Beth Kaufman, Esq. (SBN 228570)
    Law Offices of Stanton and Kaufman
2   400 Montgomery Street, Suite 810
    San Francisco, CA 94104
3   Phone: (415) 392-6161
    Fax: (415) 392-8208
4

5   Attorneys for Petitioner

6
                    UNITED STATES DISTRICT COURT
7
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
                        SAN JOSE, CALIFORNIA
9

10  Assadollah BARAK,                     )   CV  08        2655
                                          )
11      Petitioner,                       )
                                          )   Alien No. A 72-121-970
12                                        )
                                          )
13          vs.                           )
                                          )   PETITION FOR DE NOVO REVIEW OF
14  MICHAEL CHERTOFF, Secretary,          )   PETITIONER'S APPLICATION FOR
    Department of Homeland Security;      )   NATURALIZATION PURSUANT TO
15                                        )   8 U.S.C. § 1447(b) AND TO
16  ROSEMARY MELVILLE, Director, San      )   COMPEL AGENCY ACTION UNDER
    Francisco District, Citizenship &     )   28 U.S.C.§ 1361 AND 5 U.S.C.
17  Immigration Services;                 )   § 706(1)
                                          )
18                                        )
    JONATHAN SCHARFEN, Acting Director,   )
19  Citizenship & Immigration Services;   )
                                          )
20  ROBERT S. MUELLER III, Director,      )
    Federal Bureau of Investigation;      )
21                                        )
                                          )
22                                        )
        Respondents.                      )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27

28

Petition for *De Novo Review*
Assadollah Barak

**PRELIMINARY STATEMENT**

1. Petitioner, Assadollah Barak ("Mr. Barak"), hereby petitions the Court to conduct a de novo review of his application for naturalization, pursuant to 8 U.S.C. § 1447(b). Petitioner requests that the Court grant his application, or remand the matter with instructions to Citizenship and Immigration Services to immediately adjudicate Petitioner's naturalization application.

**JURISDICTION**

2. This Court has subject matter jurisdiction over Mr. Barak's request for a de novo review of his Naturalization Application, under 8 U.S.C. § 1447(b) (district court has exclusive jurisdiction over naturalization applications which the Department of Homeland Security has failed to adjudicate within 120 days of conducting a naturalization examination). See also U.S. v. Hovsepian, 359 F.3d 1144, 1159-63 (9th Cir. 2004) (en banc) (holding that under 8 U.S.C. § 1447(b), the District Court has "exclusive jurisdiction over . . . naturalization applications" where such applications have been pending for over 120 days after the applicant's examination). This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Petitioner's claims arise under the laws of the United States, specifically 8 U.S.C. § 1447 and applicable regulations arising thereunder. Additionally, this Court may grant injunctive, declaratory, and/or mandamus relief in this action under 5 U.S.C. § 701 et seq. (Administrative Procedures Act), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act), and under 28 U.S.C. § 2201 (Declaratory Judgment Act).

**VENUE**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) (action against officers of the United States may be brought in any district where "a substantial part of the events or omissions giving rise to the claim occurred" or where "the plaintiff resides") and 8 U.S.C. §

1447(b) (action shall be brought where naturalization applicant resides).  A substantial part of the events and omissions giving rise to this Petition occurred in San Francisco and San Jose, California. Additionally, Mr. Barak resides in San Jose, California, which is also within the Northern District of California.

## **PARTIES**

4. Petitioner, Mr. Barak, is a 39-year old native and citizen of Afghanistan, who has been a lawful permanent resident of the United States since September 26, 1995.  Exhibit A (Permanent Residence Card).  In 2003, Mr. Barak applied for naturalization with Citizenship and Immigration Services ("CIS"). He was interviewed with regards to his application on April 9, 2004, and passed the English and U.S. history and government portions of the test.  Exhibit B (Naturalization Interview Results).  To date, over four years later, no decision has been made on Mr. Barak's application.

5. Respondent Michael Chertoff is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS").  Secretary Chertoff is responsible for administration and enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of DHS. 8 U.S.C. § 1103.

6. Respondent Rosemary Melville is the District Director of the San Francisco District Office for CIS, and is sued in her official capacity.  As District Director, Ms. Melville is delegated authority to control all activities conducted within the San Francisco CIS District, to supervise all CIS personnel within the District, and to grant or deny any application or petition pending before the San Francisco District Office.  8 C.F.R. § 103.1(g)(2)(ii).

7. Respondent Jonathan Scharfen is the Acting Director of CIS and is sued in his official capacity.  Mr. Scharfen is responsible for processing and determining applications for

Petition for *De Novo Review*
Assadollah Barak

naturalization in accordance with the laws and lawfully promulgated regulations of the United States.

8.    Respondent Robert Mueller, III, is the Director of the Federal Bureau of Investigation ("FBI") and is sued in his official capacity, as the person charged with the administration of the FBI and with providing criminal background information, if any, relating to naturalization applicants, pursuant to 8 C.F.R. § 335.2(b).

## FACTS

A.    **The Naturalization Process**

9.    The Immigration and Nationality Act provides that an individual who has been a lawful permanent resident of the United States for at least 5 years, may apply for citizenship through a process known as naturalization. 8 U.S.C. § 1427. Absent certain specific exceptions, an individual who has been a lawful permanent resident for the requisite number of years will qualify for naturalization if he can prove: a sufficient period of physical presence in the United States, good moral character for 5 years, an understanding of the English language, knowledge and understanding of the fundamentals of U.S. history, and a knowledge and understanding of the principles and form of government of the United States. 8 U.S.C. §§ 1423, 1427(a). Persons seeking naturalization must submit an application (Form N-400) to CIS, the agency responsible for adjudicating naturalization applications. 8 U.S.C. § 1445; 8 C.F.R. §§ 100.2, 334.2.

10. Once an application is submitted, CIS conducts an investigation of the application. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Under CIS regulations, the investigation includes a criminal background check performed by the FBI. 8 C.F.R. § 335.2(b). After the criminal background check is completed, CIS schedules a naturalization examination, at which the applicant meets with a CIS officer, who is authorized to examine the applicant. 8 U.S.C. § 1446. After the

Petition for *De Novo Review*
Assadollah Barak

examination, the CIS officer determines whether to grant or deny the application, 8 U.S.C. §1446(d), and must do so within 120 days after the date of the examination. 8 U.S.C. § 1447; 8 C.F.R. § 335.3. The decision whether to grant or deny an application is not discretionary. 8 C.F.R. § 335.3(a). Rather, if an applicant meets all statutory requirements for naturalization, the CIS officer must grant the application. Id.; See also Tutun v. United States, 270 U.S. 568, 578 (1926).

11. If CIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant "may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). Once such a petition is filed with the district court, it gains exclusive jurisdiction over the application, Hovsepian, 359 F.3d 1144, and the court may either determine the matter de novo, or remand the matter to CIS with appropriate instructions. 8 U.S.C. § 1447(b).

B.    **Mr. Barak's Application for Naturalization**

12. Mr. Barak is a 39-year old citizen of Afghanistan, who has been a lawful permanent resident of the United States for over ten years. Exhibit A (Lawful Permanent Residence Card).

13. Mr. Barak applied for naturalization under 8 U.S.C. § 1445 in 2001. At the time Mr. Barak applied for naturalization, he was statutorily eligible to naturalize, since he had been a lawful permanent resident for at least 5 years; he had been physically present in the United States for at least half of that time; and he had been a person of good moral character. 8 U.S.C. §§ 1427(a).

14. Mr. Barak was interviewed with regards to his application on April 9, 2004, and passed the English and civics portion of the examination. On that day, Mr. Barak was given written results stating "A decision cannot yet be made about your application." Exhibit B (Interview

1    Result Sheet).

2    15. Almost three year later, Mr. Barak, having yet to receive a decision on his case, contacted

3    CIS to make inquiries on the delay, and was scheduled to submit updated biometrics. He

4
     attended his biometrics appointment on October 17, 2007. Exhibit C (Stamped Biometrics
5
6    Appointment Notice).

7    16. In the meantime, Mr. Barak independently obtained a State Department of Justice

8    clearance, showing no arrest record as of April 21, 2008.  Exhibit D (California Criminal History

9    17. To date, over <u>four years</u> after his naturalization examination, Mr. Barak is still awaiting a
10
     decision on his application for naturalization.
11
12                              **CAUSES OF ACTION**

13                          **FIRST CAUSE OF ACTION**
     **(FAILURE TO RENDER DECISION ON NATURALIZATION APPLICATION**
14                   **WITHIN 120 DAYS OF EXAMINATION)**

15    18. The allegations contained in paragraphs 1 through 19 are repeated and incorporated
16
     herein.
17
18    19. DHS, CIS, and SFDO have failed to adjudicate Mr. Barak's application for naturalization

19    within 120 days of his examination.  As the Ninth Circuit articulated in Hovesepian:

20              8 U.S.C. § 1447(b) requires the INS to make a decision regarding a naturalization
                application within 120 days of the [DHS's] initial interview of the applicant.
21              Further, § 1447(b) specifies a consequence for failure to meet this deadline,
                namely, that the district court gains jurisdiction over the matter (upon the
22              applicant's request) until the district court decides the case or exercises its
23              discretion to remand the matter to [DHS].

24    359 F.3d at 1161.

25    20.   Because Mr. Barak has demonstrated his statutory eligibility for naturalization pursuant
26
     to 8 U.S.C. §§ 1423 and 1427(a), this Court should grant his application for naturalization, or
27
28    remand the matter to CIS for prompt adjudication of his application.

Petition for *De Novo Review*
Assadollah Barak

1

2

## SECOND CAUSE OF ACTION
## (MANDAMUS)

21. The allegations contained in paragraphs 1 through 19 are repeated and incorporated

herein.

22. Mr. Barak's naturalization application has been delayed for the last four years, apparently

due to the FBI's failure to timely perform Mr. Barak's criminal background checks.

23. Pursuant to 28 U.S.C. § 1361, this Court has jurisdiction to compel Respondent Robert

Mueller, III, to complete necessary background checks and provide the results of those checks to

this Court and to CIS. Accordingly, this Court should compel Respondent Mueller to complete

and release the results of Mr. Barak's criminal background checks to this Court and to CIS, so

that Mr. Barak's application for naturalization may be immediately adjudicated.

## THIRD CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT)

24. The allegations contained in paragraphs 1 through 19 are repeated and incorporated

herein.

25. Mr. Barak is aggrieved by agency action under the Administrative Procedure Act, 5

U.S.C. §§ 701, et seq. Respondent Mueller, failing to complete and provide the results of the

criminal background checks to CIS, and CIS, by failing to timely adjudicate Mr. Barak's

naturalization application, have "unlawfully withheld or unreasonable delayed" agency action in

violation of 5 U.S.C. § 706(1). Accordingly, this Court should compel Respondent Mueller to

complete and release the results of Mr. Barak's criminal background checks to this Court and to

CIS, so that Mr. Barak's application for naturalization may be immediately adjudicated either by

this Court or by CIS.

Petition for *De Novo Review*
Assadollah Barak

1

## PRAYER FOR RELIEF

2      WHEREFORE, Petitioner prays that this Court grant the following relief:

3      (1)        Assume jurisdiction over the matter;

4
       (2)        Compel the completion and immediate release of Petitioner's criminal
5
background check results;
6
7      (3)        Conduct a de novo review of Petitioner's application for naturalization and grant

8  him naturalization, or remand the matter to CIS and compel the agency to immediately

9  adjudicate Petitioner's naturalization application;

10
       (4)        Award Petitioner his costs and fees pursuant to the Equal Access to Justice Act
11
(EAJA), 28 U.S.C. § 2412; and
12
13     (5)        Grant such further relief as the Court deems just and proper.

14

15  Dated: May 23, 2008              Respectfully Submitted,

16

17                                   Mary Beth Kaufman
                                     Law Offices of Stanton and Kaufman
18                                   Attorneys for Petitioner

19

20

21

22

23

24

25

26

27

28

Petition for *De Novo Review*
Assadollah Barak



### PERMANENT RESIDENT CARD

NAME BARAK, ASSADOLLAH



INS A# 072-121-970

Birthdate  Category  Sex
02/05/69   AS6       M

Country of Birth
Afghanistan

CARD EXPIRES 08/09/09
Resident Since 10/02/97



C1USA0721219704LIN9917751200<<
6902058M0906098AFG<<<<<<<<<<<<6
BARAK<<ASSADOLLAH<<<<<<<<<<<<<<

B

U.S. Department of Homeland Security
Citizenship and Immigration Service

**Naturalization Interview Results**

A#: A72121970

On April 9, 2004, you were interviewed by CIS Officer Kelley

☑ You passed the tests of English and U.S. history and government.

☐ You passed the test of U.S. history and government and the English language requirement was waived.

☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ / write English.

☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☐ Please follow the instructions on the Form N-14.
☐ INS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. INS will send you a written decision about your application.

**A)_____Congratulations! Your application has been recommended for approval**. At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

**B)____✓____A decision cannot yet be made about your application.**

**It is very important that you:**
✓ Notify INS if you change your address.
✓ Come to any scheduled interview.
✓ Submit all requested documents.
✓ Send any questions about this application in writing to the officer named above. Include your full name, A-number, and a copy of this paper.
✓ Go to any oath ceremony that you are scheduled to attend.
✓ Notify INS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony. Include a copy of this paper and a copy of the scheduling notice.

fax  918-3901

C

BIOMETRICS PROCESSING STAMP

ASC SITE CODE:  XTE SANJOSE
BIOMETRICS QA REVIEW BY:

ON

TENPRINTS QA REVIEW BY:

ON OCT 1 7 2007

**U.S. Citizenship and Immigration Services**

1887 Monterey Rd.
San Jose, CA  95112

Barak, Asadollah
510 Saddlebrook Drive # 210
San Jose, CA 95136

October, 10, 2007
A Number: 072 121 970
Receipt #: WSC*000999560
CODE 1/ PH

# BIOMETRICS APPOINTMENT NOTICE

Type of Application: ☐ EAD      ☐ I-551      ☐ I-485      ☒ N-400

☒   In order to continue processing your application, please appear at the USCIS Application Support Center within the time period specified to have your BIOMETRICS taken. You are hereby requested to appear at the location below:

☒   Application Support Center
     122 Charcot Ave
     San Jose  CA  95131

☐   Application Support Center (Santa Rita Plaza)
     1954 North Main Street
     Salinas  CA  93906

Hours:      Sunday & Monday:    CLOSED
            Tuesday -- Saturday:    8:00 AM – 3:00 PM

APPOINTMENT DATE: Any Wednesday or Saturday within TWO weeks of this notice

If you are unable to do so, complete the bottom of this notice and return the entire notice to the Application Support Center at the address above. RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED AND FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.

When you go to have your BIOMETRICS taken, you must bring : 1) THIS NOTICE; and 2) Alien Registration Card or Permanent Resident Card; and 3) Photo Identification, such as a passport, valid driver's license, national ID, military ID, State-issued photo ID or other CIS issued photo ID. Please bring your EAD card if available and copies of the decision of the Immigration Judge. If you do not bring this notice and proper photo identification, you will not be permitted to have your biometrics taken. This may cause a delay in the processing of your application.

## REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:   [  ] Wednesday   [  ] Saturday

U.S. Citizenship & Immigration Services (USCIS) cannot guarantee the day preferred, but will do so to the extent possible.  Upon receipt of your request, you will be provided a new appointment notice.

Form I-797C





*Edmund G. Brown Jr.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

BUREAU OF CRIMINAL IDENTIFICATION AND INFORMATION
P.O. Box 903417
SACRAMENTO, CA 94203-4170

April 21, 2008

ASSADOLLAH BARAK
510 SADDLE BROOK DR 210
SAN JOSE, CA 95136

RE:    California Criminal History Information

Dear Applicant:

This is in response to your inquiry concerning the existence of a California criminal history record within the files of the Department of Justice's Bureau of Criminal Identification and Information. As of the date of this letter, a search of your fingerprints did not identify with any criminal history record maintained by this Bureau as provided by the California Penal Code Sections 11120-11127.

Pursuant to California Penal Code section 11121, the purpose of a record review request is to afford an individual with a copy of their record and to refute any erroneous or inaccurate information contained therein. The intent is not to be used for licensing, certification or employment purposes.

Additionally, California Penal Code sections 11125, 11142, and 11143 does not allow for a person or agency to make a request to another person to provide them with a copy of an individual's criminal history or notification that a record does not exist; does not allow an authorized person to furnish the record to an unauthorized person; nor does it allow an unauthorized person to buy, receive or possess the record or information. A violation of these section codes is a misdemeanor.

Sincerely,

*Robert Santos*

ROBERT SANTOS, Assistant Manager
Record Support Section
Bureau of Criminal Identification and Information

For    EDMUND G. BROWN JR.
Attorney General

BCII 8708 (Rev. 05/06)